UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DOMINICK A. DEL RE,

                Plaintiff,

         -v-

THERESA DEL RE, NEW YORK STATE UNIFIED
COURT SYSTEM ET AL; GOLDAH MAGIL;
ESTATE OF RALPH CAFARO; HOWARD FILE;
BERKSHIRE FINANCIAL GROUP; GOSMAN AND
DIAMOND, AMEDEDURI, FRISCIA AND GALANTE,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-3490 (SLT)

TOWNES, United States District Judge.

Plaintiff, brings this *pro se* action alleging defendants violated his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff has paid the filing fee to bring this action, but the Court finds the action is frivolous and dismisses it for the following reasons. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (the district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee).

Background

Plaintiff brings the instant action against his former wife, attorneys and other individuals connected with plaintiff's divorce action. Plaintiff alleges a host of federal and state law violations, including *inter alia*, mail fraud, wire fraud, Sherman Anti Trust, Hobbs Act, and misprision of a felony.[1] Plaintiff alleges:

---

[1] A private citizen does not have a constitutional right to initiate criminal proceedings. See Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (per curiam) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting Linda R.S. v. Richard D., 410 U.S.

1

> Based on information and belief all officers of the court, on both sides of the bench, conspired to ban an annulment, induce and coerce a divorce in order to solicit for attorneys and provide "seed money" for personal objectives and gain "legitimate" access to my retirement account. In other words the case was flipped.

Complaint at 19, § 106. Moreover, plaintiff alleges that:

> all defendants took part in combination and conspiracy which, not only took plaintiff's rights, property, dignity, forced involuntary servitude, brought my standard of living to a point which violates the constitution of the United States, United Nations charter, declaration of human rights, covenant on civil and political rights, convention on inhuman and degrading treatment, the Geneva conference and the Helsinki accords.

Complaint at 22-23.

## Discussion

Plaintiff alleges that several attorneys, most of whom represented him or his former wife during divorce proceedings in state court, his former wife, and a private financial company engaged in a conspiracy to deprive him of his rights in violation of 42 U.S.C. §§ 1983 and 1985. "To state a claim for relief under § 1983, a plaintiff must allege both a violation of a right secured by the Constitution or by federal law, and that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

It is well-settled, that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not a state actor law by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar. 31, 2004) ("It is well-established that as a matter of law a private attorney is not a state actor.").

---

614, 619 (1973)).

To establish a conspiracy under § 1983, a plaintiff must show: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. Ciambriello v. County of Nassau, 292 F.3d 307, 324-325; Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Furthermore, to state a cause of action under 42 U.S.C. § 1985, a plaintiff must allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)).

In Ciambriello, the court explained that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id. at 325 (quoting Dwares v. City of N.Y., 985 F.2d 94, 100 (2d Cir. 1993). The Second Circuit deemed the factual allegations inadequate in Ciambriello because plaintiff had "not provided any details of time and place and failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." Hernandez v. Goord, 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004).

Plaintiff has not alleged, except in the most conclusory terms, the existence of a conspiracy, and fails to allege any facts from which racial motivation may be found or inferred. See Straker v. Metropolitan Transit Auth., 333 F.Supp.2d 91, 102 (E.D.N.Y. 2004) ("Conceptually, the Court believes that there is a distinction to be drawn between fair notice of what the plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter." (internal quotation omitted)). Here, plaintiff fails to allege any facts regarding any defendants actions in concert with a state actor to violate his constitutional rights. Accordingly, the claims against Theresa Del Re,

3

Berkshire Financial Group, attorney Goldah Magill, the estate of attorney Ralph Cafaro, attorney Howard File, the law firm of Gosman and Diamond, and the law firm of Ameduri, Friscia and Galante are dismissed.

In addition to seeking damages, plaintiff also requests "a temporary injunction against further payment of alimony..." Complaint at 25. Plaintiff's request for injunctive relief is barred by the domestic relations exception to federal jurisdiction. In Ankenbrandt v. Richards, 504 U.S. 689 (1992), the Supreme Court reaffirmed the domestic relations exception to federal jurisdiction, holding that this exception " 'divests the federal courts of power to issue divorce, alimony, and child custody decrees." ' Id. at 703 (quoted in Melnick v. Adelson-Melnick, 346 F.Supp.2d 499, 505 (S.D.N.Y. 2004)). Accordingly, to the extent that plaintiff seeks to have this Court enjoin his alimony payments, this Court lacks jurisdiction over his claim.

Finally, the Unified Court System cannot be sued under 42 U.S.C. § 1983. Since the Unified Court System is an arm of the State, an action under 42 U.S.C. § 1983 is not proper, since neither the state nor its agencies are "persons" within the meaning of 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979); Anderson v. Holtzman, No. 87-CV-28, 1987 WL 8402, at *2 (E.D.N.Y. Mar 13, 1987). Since plaintiff seeks damages, any action against the Unified Court System is barred by the Eleventh Amendment. Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

## Conclusion

Accordingly as plaintiff seeks to bring a civil rights action against private parties, the action is dismissed as frivolous.[2] Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any request to appeal from this order *in forma pauperis* would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
August 10, 2005

---

[2] Plaintiff names an additional ten defendants in the body of the complaint, yet fails to name these individuals in the caption of the complaint. Accordingly, the claims against these defendants are likewise dismissed as frivolous.